**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 09-4377**

—————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ROBERT IVAN HORTON, a/k/a Shug,

        Defendant - Appellant.

—————

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:05-cr-00235-RLV-DCK-13)

—————

Submitted: June 17, 2010        Decided: June 23, 2010

—————

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

—————

Affirmed by unpublished per curiam opinion.

—————

Sandra J. Barrett, Asheville, North Carolina; Richard E. Beam, Jr., HUBBARD & BEAM, Gastonia, North Carolina, for Appellant. Edward R. Ryan, United States Attorney, Jennifer Lynn Dillon, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Ivan Horton appeals from his conviction after pleading guilty to conspiracy to possess with intent to distribute cocaine and cocaine base. Horton alleges that the district court erred in denying his motion to withdraw his guilty plea. Finding no error, we affirm.

We review a district court's decision denying a motion to withdraw a guilty plea for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). A defendant bears the burden of demonstrating to the district court's satisfaction that a "fair and just reason" supports his request to withdraw. Fed. R. Crim. P. 11(h).

In determining whether the trial court abused its discretion in denying a motion to withdraw a guilty plea, we consider the six factors articulated in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991), which were reiterated in Ubakanma. 215 F.3d at 424. The factors include, whether: (1) the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) the defendant has credibly asserted his legal innocence; (3) there has been a delay between the entering of the plea and the filing of the motion; (4) the defendant has had close assistance of competent counsel; (5) the withdrawal will cause prejudice to the government; and (6) the

withdrawal will inconvenience the court and waste judicial resources. Moore, 931 F.2d at 248.

Although all the factors in Moore must be given appropriate weight, the key in determining whether a motion to withdraw should be granted is whether the plea hearing was properly conducted under Rule 11. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). This court closely scrutinizes the Rule 11 colloquy and attaches a strong presumption that the plea is final and binding if the Rule 11 proceeding is adequate. Id.

We have reviewed the record and determine that Horton's guilty plea was knowing and voluntary. Further, he has not credibly asserted his legal innocence. We have considered the Moore factors and conclude that the district court did not abuse its discretion in denying Horton's motion to withdraw his guilty plea.

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED